CRAMER MTN. COUNTRY CLUB v. N.C. DEPT. OF NATURAL RESOURCES

[102 N.C. App. 286 (1991)]

CRAMER MOUNTAIN COUNTRY CLUB AND PROPERTIES, INC., PETITIONER
v. NORTH CAROLINA DEPARTMENT OF NATURAL RESOURCES AND
COMMUNITY DEVELOPMENT, DIVISION OF LAND RESOURCES,
RESPONDENT

No. 9027SC843

(Filed 19 March 1991)

**Waters and Watercourses § 3.2 (NCI3d) — violation of Sedimentation and Pollution Control Act — sufficiency of evidence**

Evidence was sufficient to support respondent's assessment of a $6,600.00 penalty against petitioner for violations of the Sedimentation and Pollution Control Act where petitioner's violations included failure to file an erosion control plan with the local government having jurisdiction over the site thirty days prior to land disturbing activity and failure to have this plan approved and a copy on site; failure to provide a buffer zone in proximity to a lake or natural watercourse; failure to plant exposed slopes or provide them with permanent ground cover sufficient to restrain erosion; and failure to build sedimentation basins and maintain existing basins.

**Am Jur 2d, Pollution Control §§ 134, 135.**

APPEAL by respondent from *Cornelius (C. Preston), Judge.* Order entered 3 April 1990 in Superior Court, GASTON County. Heard in the Court of Appeals 18 February 1991.

This is a proceeding wherein respondent, North Carolina Department of Natural Resources and Community Development, assessed a penalty against petitioner, Cramer Mountain Inc., in the amount of $6,600.00 for violations of the North Carolina General Statutes and the Sedimentation and Pollution Control Act. From the imposition of this penalty, Cramer Mountain Inc. petitioned the Office of Administrative Hearings for review of the agency's decision. After a hearing, Administrative Law Judge Genie Rogers recommended that the penalty be reduced. Thereafter, the agency disregarded the recommended decision of the administrative law judge and in its final agency decision, assessed the full penalty against Cramer Mountain Inc. Cramer Mountain Inc. petitioned the Gaston County Superior Court for review of the final agency decision. Upon review, Judge Cornelius entered the following order: "[t]hat the final agency decision is unsupported by substantial

evidence admissible under G.S. 150B-29(a), 150B-30 or 150B-31 in view of the entire record as submitted and therefore the agency's decision is reversed." From this order, respondent Department of Natural Resources and Community Development appealed.

*Tim L. Harris & Associates, by Thomas R. Gladden, Jr., for the petitioner, appellee.*

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Sueanna P. Sumpter for respondent, appellant.*

HEDRICK, Chief Judge.

Respondent assigns as error the trial court's order reversing the final agency decision. N.C. General Statutes chapter 150B provides the standard of review to be followed by the court charged with reviewing a contested decision. The statute provides in pertinent part:

> . . . the court reviewing a final decision may affirm the decision of the agency or remand the case for further proceedings. It may also reverse or modify the agency's decision if the substantial rights of the petitioners may have been prejudiced because the agency's findings, inferences, conclusions, or decisions are:
>
> . . .
>
> (5) Unsupported by substantial evidence admissible under 150B-29(a), 150B-30 or 150B-31 in view of the entire record as submitted.

G.S. 150B-51(b)(5) (1990).

"In reviewing an administrative decision to determine whether the decision is supported by substantial evidence, this Court pursuant to G.S. 150B-51(5), must apply the 'whole record' test." *Leiphardt v. N.C. School of the Arts*, 80 N.C. App. 339, 344, 342 S.E.2d 914, 919, *cert. denied*, 318 N.C. 507, 349 S.E.2d 862 (1986). In using the "whole record" test, the court must take into account all competent evidence to determine if there is substantial evidence to support the agency's findings of fact and conclusions of law. *Henderson v. N.C. Dept. of Human Resources*, 91 N.C. App. 527, 372 S.E.2d 887 (1988). Our Supreme Court defined "substantial" evidence as "such relevant evidence as a reasonable mind might

accept as adequate to support a conclusion." *Lackey v. Dept. of Human Resources*, 306 N.C. 231, 238, 293 S.E.2d 171, 176 (1982).

When used, the "whole record" test mandates that the court take into account any evidence in the record that fairly detracts from the weight of the evidence in determining the substantiality of evidence. *See Thompson v. Board of Education*, 292 N.C. 406, 233 S.E.2d 538 (1977). The court must take into account contradictory evidence or that evidence where conflicting inferences could be drawn. *Id.* Substantial evidence is "more than a scintilla or a permissible inference." *Lackey* at 238, 293 S.E.2d at 176.

With these principles in mind, we turn to the evidence presented in the record: Petitioner owns property in Gaston County, N.C. that is being developed for residential purposes. The size of the property is approximately 300 acres with a twenty-acre parcel that is "disturbed." Petitioner was sent a notice of violation from the Gaston County Soil Erosion Control office, that this "disturbed" parcel was in violation of the Gaston County Soil Erosion and Sedimentation Control Ordinance.

This notice set out violations, included corrective measures to be taken, and set a deadline for compliance of 23 May 1987. Later visits to the site showed the parcel to be out of compliance as late as 12 June 1987. On 25 June 1987 Gaston County Commissioners waived jurisdiction to respondent. An inspection of the property on 2 July 1987 by respondent revealed violations of the Sedimentation and Pollution Control Act of 1973 (hereinafter SPCA). These violations included failure to file an erosion and sedimentation plan with respondent's office thirty days before beginning a land disturbing activity; failure to conduct this land disturbing activity pursuant to an acceptable plan; failure to take reasonable measures to protect public and private property from this disturbance; failure to maintain a buffer zone; failure to maintain an adequate erosion control measure or vegetative cover on graded slopes and fills; failure to provide exposed graded slopes with ground cover devices; and failure to maintain all temporary and permanent sedimentation control devices during development of a site. Petitioner received a Notice of Violation by certified mail on 21 July 1987, citing numerous violations of corrective measures that were to be taken. Among the measures to be implemented were: following erosion plans; providing buffer zones; providing an adequate ground cover on cut and fill slopes; and providing for additional

sediment storage by removing sediment. The compliance deadline was set for 31 July 1987. On 23 July 1987 the regional office of respondent received a plan which they later rejected. On 3 August 1987 an inspection revealed that offsite sedimentation continued to occur. A Notice of Continuing Violation was sent by certified mail and received 6 August 1987. Another inspection on 26 August 1987 revealed some compliance, but the property was still in violation. A letter from respondent on 3 September 1987 informed petitioner that a civil penalty would be imposed for these violations. A subsequent inspection on 25 September 1987 revealed that temporary measures had been installed and were adequately maintained. A recommended decision was made to respondent from their regional office that the penalty should be assessed in the amount of $100.00 per day until compliance was reached. In reaching this decision, respondent used the recommendation by the regional office and the following criteria: the degree and extent of harm caused by the violation; the amount of money saved by noncompliance; the cost of rectifying the damage; whether the violation was committed willfully; the prior record of the violator and factors enumerated in 15 NCAC 4C .0006. The civil penalty began running on 21 July 1987 and ceased 24 September 1987. The penalty was based on the recommendation, the factors enumerated above, and the fact that severe offsite erosion had occurred. The penalty ran for a period of 66 days and amounted to $6,600.00. Petitioner requested judicial review of the final agency decision of respondent to the Office of Administrative Hearings. The case was heard before Judge Genie Rogers and a recommended decision was made to respondent by Judge Rogers on 19 April 1989. Judge Rogers found from the evidence presented at the hearing that (1) petitioner had violated the SPCA by conducting land disturbing activity before approval of a plan, however, these violations were not willful since petitioner thought a plan had been approved; (2) petitioner did not violate the SPCA by failing to file an erosion plan 30 days before land disturbing activity began since petitioner submitted a plan to Gaston County local government; (3) petitioner did violate the act by failing to take reasonable measures to protect public and private property from damages; failing to provide a buffer zone; failing to maintain graded slopes with adequate ground cover or device to control erosion; that no violations were willful; petitioner did not save money by failing to comply, nor did petitioner have any record of failure to comply with the law. In the recommended decision made by Judge Rogers, the penalty of $6,600.00

was not reasonable and, instead, recommended a penalty of $35.00 per day or $2,310.00. Respondent took the proposed decision into account but concluded that the administrative judge had erred in the conclusions of law in the recommended decision and imposed the $6,600.00 penalty. Petitioner then requested judicial review in the Gaston County Superior Court. Judge C. Preston Cornelius entered an order on 5 August 1989 reversing the agency's final decision.

Based on an examination of the whole record, we conclude that there is sufficient evidence to support respondent's decision as to penalties in the amount of $100.00 per day for violations of the SPCA.

The violations of the act included failure to file an erosion control plan with the local government having jurisdiction over the site thirty days prior to land disturbing activity and failure to have this plan approved and a copy on site. The record tends to show that a plan was filed by an engineer with Gaston County for approval sometime in the spring of 1987. There was no evidence to show that an approved copy was present at the site thirty days before the land disturbing activity as required by G.S. 113A-57(4) and 15 NCAC 4B .0017(a).

The record shows that petitioner was in violation of the act by failing to provide a buffer zone in proximity to a lake or natural watercourse, as required by G.S. 113A-57(1). Testimony from the record indicates that this violation continued to occur throughout the penalty phase, thus petitioner was not in compliance with the act.

Petitioner did not comply with the requirements of the act, in that exposed slopes be planted or provided with permanent ground cover sufficient to restrain erosion. Testimony in the record indicates that several visits were made to the site during the penalty phase, and areas were found to be barren of seed or other permanent ground cover as required by the statute. Thus, the evidence in the record shows a violation of G.S. 113A-57(2) and 15 NCAC 4A .0007(2).

Based on the evidence in the record, petitioner failed to maintain erosion and sedimentation control measures and facilities as required by 15 NCAC 4B .0013 and pursuant to the approved erosion and sedimentation plan. Testimony throughout the record indicates that petitioner failed to build sedimentation basins and

maintain existing basins as was witnessed at different inspections occurring on 3 August and 26 August 1987.

Based on an examination of the whole record, we conclude that there is substantial evidence to support respondent's decision to assess penalties in the amount of $100.00 per day, totaling $6,600.00, for violations of the statutes and the SPCA. Thus, this court concludes that the Gaston County Superior Court erred in reversing the final agency decision of respondent.

Reversed.

Judges COZORT and LEWIS concur.